**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RICHARD COBB and <br> DEBRA COBB, <br> <br> Plaintiffs, <br> <br> v. <br> <br> PRAXAIR, INC., UNION CARBIDE CORP., <br> STEVEN MORTON, and <br> DOUGLAS WILCOX, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 2:10-CV-388-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for Remand [ECF No. 7], filed on October 26, 2010, and the Plaintiffs' Motion for Leave to File Amended Complaint [ECF No. 25], filed on December 21. For the reasons stated in this Opinion and Order, the Court will grant the Plaintiffs' Motion for Leave to File an Amended Complaint and deny as moot the Plaintiffs' Motion for Remand.

**BACKGROUND**

On June 28, 2010, in the Lake Superior Court, Plaintiffs Richard and Debra Cobb filed their Complaint [ECF No. 1] against Defendants Praxair, Inc. (Praxair), Union Carbide Corp. (Union Carbide), Steven Morton, and Douglas Wilcox. The Complaint alleges that the Plaintiffs suffered injuries as a result of a slip and fall on untreated ice and snow on premises owned and controlled by the Defendants. Defendants Praxair, Morton, and Wilcox filed an Answer [ECF No. 2-1 at 42–59], and Defendant Union Carbide filed an Answer and Affirmative Defenses [ECF No. 2-1 at 61–85].

On September 29, Defendant Praxair filed a Notice of Removal [ECF No. 2], premising this Court's subject-matter jurisdiction on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Notice states that the Plaintiffs are residents of Indiana, that Defendant Praxair is a Delaware corporation with its principal place of business in Connecticut, and that Defendant Union Carbide is a New York corporation with its principal place of business in Texas. The Defendants assert that Defendants Morton and Wilcox, both alleged in the Complaint to be Indiana residents, were fraudulently joined as Defendants and that the Court should disregard their citizenship for purposes of removal. The Notice also states that the amount in controversy exceeds $75,000, exclusive of interest and costs.

On October 26, the Plaintiffs filed their Motion for Remand [ECF No. 7] and Memorandum in Support [ECF No. 8], arguing that this case should be remanded to the Lake Superior Court because the Defendants did not file a timely notice of removal, that the Plaintiffs did not fraudulently join Defendants Morton and Wilcox, and that this Court lacks subject-matter jurisdiction because complete diversity is lacking. The Plaintiffs further request that this Court award them attorney's fees because the Defendants lacked a reasonable basis for removing this action to federal court. On November 10, the Defendant Praxair filed a Response [ECF No. 9], and Defendant Union Carbide filed a Joinder in Response [ECF No. 10]. On November 17, the Plaintiffs filed a Reply [ECF No. 11].

On December 21, the Plaintiffs filed a Motion for Leave to File Amended Complaint [ECF No. 25] and proposed Amended Complaint [ECF No. 25-1]. On January 4, 2011, Defendants Praxair, Morton, and Wilcox filed a Response [ECF No. 26]. Defendant Union Carbide did not file a response or oppose the Plaintiffs' Motion for Leave.

**DISCUSSION**

The Court will begin by addressing the Plaintiffs' Motion for Leave to File Amended Complaint. The Plaintiffs seek leave to amend their Complaint to add two parties as defendants, Ferrantella Construction Corporation and Actin, Inc. a/k/a Actin & Company, who are alleged to be incorporated and to have their principal places of businesses in Indiana. They also seek to allege that these two parties were responsible for snow removal at the location where Plaintiff Richard Cobb was alleged to have been injured. The Plaintiffs acknowledge that on August 16, 2010, they learned that Ferrantella Construction Corporation provided ice and snow removal services at the location, but the Plaintiffs do not explain why they waited until December 21 to seek leave to add this party as a defendant. The Plaintiffs' Motion does not indicate when the Plaintiffs learned that Actin, Inc. also provided ice and snow removal services at the time of the alleged injury; it only states that "Plaintiffs' own investigation has recently disclosed an additional entity." (ECF No. 25 at 3.)

Defendants Praxair, Morton, and Wilcox respond that they have no objection to the Plaintiffs amending their Complaint to add these two parties as defendants or correcting the name of one of the Plaintiffs. Their only objection is to the Plaintiffs' "insertion of extraneous argument and baseless accusations" into their Motion for Leave. (ECF No. 26 at 1.) The Defendants argue that the Plaintiffs' assertions relate to their Motion for Remand, not their Motion for Leave. At the conclusion of their Response, the Defendants state that the Plaintiffs' Motion for Leave should be granted, and no Defendant has argued that the Plaintiffs' effort to join these two parties as defendants constitutes fraudulent joinder.

Under Federal Rule of Civil Procedure 15(a)(2), except when a party amends its pleading

as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Joinder of non-diverse parties after an action has been removed to federal court is governed by 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Seventh Circuit has instructed that a court, when faced with a request to join non-diverse parties who would destroy subject-matter jurisdiction, has two options under § 1447(e): it may deny the motion to join; or it may grant the motion and remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). A court must consider the following factors in determining which option is most appropriate: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.*

Considering that Defendants Praxair, Morton, and Wilcox agree that the Plaintiffs' Motion for Leave should be granted and that Defendant Union Carbide has not responded or otherwise opposed the Motion, the Court will grant the Plaintiffs' Motion for Leave to File Amended Complaint. It appears that joinder of these parties as defendants is proper, and it does not appear that the Plaintiffs are seeking to join these parties solely to defeat diversity jurisdiction. The Plaintiffs could likely state a claim for relief against these two parties—the Plaintiffs assert that these parties were responsible for snow and ice removal at the premises where the alleged injury occurred. *See Kostidis v. Gen. Cinema Corp. of Ind.*, 754 N.E.2d 563,

567–68 (Ind. Ct. App. 2001) (finding that an independent contractor owes a duty to perform its snow removal work with reasonable care and may be liable to third parties). Although the Plaintiffs may have known about Ferrantella Construction Corporation more than a month before Defendant Praxair filed their Notice of Removal, this litigation is still in its early stages, and in their Report of Parties' Planning Meeting, the parties agreed to January 28, 2011, as the last date for the Plaintiffs to seek leave to join additional parties or to amend the pleadings. The Plaintiffs' request for leave to amend is not untimely. The Plaintiffs have also expressed concern that the statute of limitations on their claims against these two potential defendants will run on January 11, 2011.

As a result of the joinder of Ferrantella Construction Corporation and Actin, Inc. a/k/a Actin & Company as defendants, complete diversity is lacking, and the Court is without subject-matter jurisdiction. *See Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675, 676 (7th Cir. 2006) (stating that 28 U.S.C. § 1332 "requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant"). Consequently, the Court will order this action remanded to the Lake Superior Court. Because the Court will grant the Plaintiffs' Motion for Leave and remand this case to the Lake Superior Court, the Plaintiffs' Motion for Remand is a moot issue, and the Court will deny it as such. The Court expresses no opinion on the issues presented by the parties in their submissions related to the Plaintiffs' Motion for Remand.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiffs' Motion for Leave to File Amended Complaint [ECF No. 25] and DIRECTS the Clerk of this Court to file the Plaintiffs'

Amended Complaint [ECF No. 25-1] as of the date of this Opinion and Order. The Court ORDERS the Clerk of this Court to remand this case to the Lake Superior Court, Indiana. The Court DENIES AS MOOT the Plaintiffs' Motion for Remand [ECF No. 7].

SO ORDERED on January 6, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION